Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Grace A. Rawlins
grawlins@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Intersell Ventures, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERSELL VENTURES, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>1688 FACTORY DIRECT STORE STORE, 3C WORLD AD STORE, A+ DROPSHIP STORE, ALI-YY28 STORE, AUTO91 STORE STORE, BEAUTIFUL GYM STORE, BOFACARRY FLAGSHIP STORE, BRILLIANT HOUSE DROPSHIPPING STORE, BTSSPORT STORE, CADDYS STORE, CAMPING ADVENTURE STORE, CAMPING LANTERN STORE, CHOICE FOR DROPSHIPPING STORE, CYNWARM HOUSE STORE, E NEW GATE STORE, EPROLO OVERSEA STORE, EVERYDAY SPORTING STORE, FANTASTIC BABY, GLOBAL DROPSHIP 3 STORE, GLOBAL MADE BOUTIQUE STORE, GUANGZHOU HUANDONG INTERNATIONAL TRADE CO., LTD., GUIZHOU LESITE INTERNATIONAL TRADE CO., LTD., HANGZHOU CONWAY IMPORT & EXPORT CO., LTD., HAPPINESS CASTLE STORE, HIGHEST | CIVIL ACTION NO.<br>25-cv-408 (DEH)<br><br>[PROPOSED]<br>PRELIMINARY<br>INJUNCTION ORDER |

CLIMBER STORE, HOT EXTREME SPORTING STORE, KEEPING HEALTH SPORTS STORE, KEEP-RUNNING DROPSHIPPING STORE STORE, KEEP-RUNNING STORE, LITTLE ROMEY STORE, NANJING GORILLA INTERNATIONAL TRADE CO., LTD., OUTDOOR DROPSHIPPINGS STORE, OUTDOOR ENJOYING STORE, OUTDOOR SPORTWORLD STORE, OUTDOOR-SPORT FITNESS STORE, PROOUTDOOR STORE, SHANGRAO ACTEARLIER CO., LTD., SHOP1102928665 STORE, SHOP1102980160 STORE, SHOP1103287323 STORE, SHOP1103336634 STORE, SHOP1103352127 STORE, SHOP1103353168 STORE, SHOP1103379130 STORE, SHOP1103411029 STORE, SHOP1103413022 STORE, SHOP1103774488 STORE, SOLONG STORE, SPORTWORLD STORE, START JOURNEY STORE, TINYTOOISGO STORE, TJTECHNOLOGY STORE, TOP OUTDOOR CAMPING STORE, TOP SPORTS TECH STORE, TOP-CHOICE DROPSHIPPING STORE, TOYS WITH LOVE STORE, UNIQUE OUTDOOR SPORTING STORE, YIWU CUJU TRADE CO., LTD., YIWU FANHUA CULTURE AND SPORT CO., LTD., YIWU MUEN TRADING CO., LTD. and YOUNGTIME SPORT STORE,

*Defendants*

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiff or Intersell Ventures, LLC** | Intersell Ventures, LLC |
| **Defendants** | 1688 Factory Direct Store Store, 3C World AD Store, A+ Dropship Store, Ali-YY28 Store, Auto91 Store Store, Beautiful gym Store, BoFaCarry Flagship Store, Brilliant House Dropshipping Store, BTSSPORT Store, Caddys Store, Camping Adventure Store, Camping Lantern Store, Choice For Dropshipping Store, Cynwarm House Store, E New Gate Store, EPROLO Oversea Store, everyday sporting Store, Fantastic Baby, Global Dropship 3 Store, Global Made Boutique Store, Guangzhou Huandong International Trade Co., Ltd., Guizhou Lesite International Trade Co., Ltd., Hangzhou Conway Import & Export Co., Ltd., Happiness Castle Store, Highest climber Store, HOT Extreme Sporting Store, Keeping Health Sports Store, Keep-Running Dropshipping Store Store, Keep-Running Store, Little Romey Store, Nanjing Gorilla International Trade Co., Ltd., Outdoor Enjoying Store, Outdoor Sportworld Store, Outdoor-Sport Fitness Store, ProOutdoor Store, Shop1102928665 Store, Shop1102980160 Store, Shop1103287323 Store, Shop1103336634 Store, Shop1103352127 Store, Shop1103353168 Store, Shop1103379130 Store, Shop1103411029 Store, Shop1103413022 Store, Shop1103774488 Store, Solong Store, Sportworld Store, Start Journey Store, TinyTooISGo Store, tjTechnology Store, TOP Outdoor Camping Store, Top Sports Tech Store, Top-Choice Dropshipping Store, Toys with love Store, Unique Outdoor Sporting Store, Yiwu Cuju Trade Co., Ltd., Yiwu Fanhua Culture And Sport Co., Ltd., Yiwu Muen Trading Co., Ltd. and Youngtime Sport Store |
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |

i

| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
|---|---|
| **Dhirmalani Dec.** | Declaration of Anand Dhirmalani in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **KickerBall Products** | A line of unique soccer balls that use aerodynamic materials and special patent-pending paneling to allow players, ranging from children to adults, to perform trick shots including bending, curving and swerving the ball with ease |
| **KickerBall Registration** | U.S. Trademark Registration No. 5,474,665 for "KICKERBALL" for a variety of goods in Class 28 |
| **KickerBall Application** | U.S. Trademark Serial Application No. 98/456,400 for " ![soccer ball image] " for a variety of goods in Class 28 |
| **KickerBall Marks** | The marks covered by the KickerBall Registration and KickerBall Application |
| **Counterfeit Products** | Products bearing or used in connection with the KickerBall Marks, and/or products in packaging and/or containing labels bearing the KickerBall Marks, and/or bearing or used in connection with marks that are confusingly similar to the KickerBall Marks and/or products that are identical or confusingly similar to the KickerBall Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |

| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
|---|---|
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and Airwallex (Hong Kong) Limited ("Airwallex") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, make, use, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on January 15, 2025 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, on January 16, 2025, the Court entered an Order granting Plaintiff's Application ("TRO") which ordered Defendants to appear on January 30, 2025 at 10:30 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on January 23, 2025, Plaintiff filed a letter requesting to modify and extend the TRO, and on the same day, January 23, 2025, the Court entered an Order granting Plaintiff's request which, *inter alia*, adjourned the Show Cause Hearing to February 13, 2025 at 11:30 a.m. ("January 23, 2025 Order");

WHEREAS, on January 30, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application, and the January 23, 2025 Order on each and every Defendant, except Defendants BTSSPORT Store and Shangrao Actearlier Co., Ltd.;

WHEREAS, on February 11, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the January 23, 2025 Order on Defendant BTSSPORT Store;

WHEREAS, on February 11, 2025, the Court entered an Order rescheduling the Show Cause Hearing from Thursday, February 13, 2025 at 11:30 a.m. to Wednesday, February 12, 2025, at 12:00 p.m. ("February 11, 2025 Order");

WHEREAS, on February 11, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served a copy of the February 11, 2025 Order on each and every Defendant, except for Defendants Outdoor Dropshippings Store and Shangrao Actearlier Co., Ltd.;

WHEREAS, on February 13, 2025 at 11:30 a.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

A. Plaintiff is likely to prevail on its Lanham Act related common law claims at trial.

B. As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries:

  a. Defendants have offered for sale and sold substandard Counterfeit Products in the United States that infringe the KickerBall Marks; and

  b. Plaintiff has well-founded fears that more Counterfeit Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for the KickerBall Products.

C. The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the KickerBall Marks and to its reputation if the relief granted in the TRO is not continued through the pendency of this action.

D. Public interest favors issuance of the preliminary injunction order in order to protect Plaintiff's interests in and to its KickerBall Marks, and to protect the public from being deceived

and defrauded by Defendants' passing off of their substandard Counterfeit Products as KickerBall Products.

**ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the KickerBall Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the KickerBall Marks;

        ii. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

        iii. directly or indirectly infringing in any manner Plaintiff's KickerBall Marks;

        iv. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's KickerBall Marks to identify any goods or services not authorized by Plaintiff;

        v. using Plaintiff's KickerBall Marks or any other marks that are confusingly similar to the KickerBall Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting,

      distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

vi. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

viii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the

prohibitions set forth in this Order; and

ix. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii) above and 1(b)(i) and 1(c)(i) below.

b) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

c) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

ii. instructing, aiding or abetting Defendants and/or any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through

5

        1(a)(viii), 1(b)(i) through 1(c)(i) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) within five (5) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this

Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

    i. account numbers;

    ii. current account balances;

    iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

    iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

    v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents

sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

   ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

   iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

  iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the KickerBall Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the KickerBall Marks.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective for purposes of this Order as to Defendants if it is completed by the following means:

 a) delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-mail addresses as identified by Alibaba and/or AliExpress pursuant to **Paragraph V(C)** of the TRO.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to the following Defendants through the pendency of this action: 3C World AD Store, Ali-YY28 Store, BoFaCarry Flagship Store, Camping Adventure Store, Guizhou Lesite International Trade Co., Ltd., Choice For Dropshipping Store, Highest climber Store, Keep-Running Store, Outdoor Dropshippings Store, Outdoor Sportworld Store, Shop1103336634 Store, Start Journey Store and Toys with love Store.

6. The following remaining Defendants must be served in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters: 1688 Factory Direct Store Store, A+ Dropship Store, Auto91 Store Store, Beautiful gym Store, Brilliant House Dropshipping Store, Caddys Store, BTSSPORT Store, Camping Lantern Store, Cynwarm House Store, E New Gate Store, EPROLO Oversea Store, everyday sporting Store, Fantastic Baby, Global Dropship 3 Store, Global Made Boutique Store, Guangzhou Huandong International Trade Co., Ltd., Hangzhou Conway Import & Export Co., Ltd., Happiness Castle Store, HOT Extreme Sporting Store, Keeping Health Sports Store, Keep-Running Dropshipping Store Store, Little Romey Store, Nanjing Gorilla International Trade Co., Ltd., Outdoor Enjoying Store, Outdoor-Sport Fitness Store, ProOutdoor Store, Shop1102928665 Store, Shop1102980160 Store, Shop1103287323 Store, Shop1103352127 Store, Shop1103353168 Store, Shop1103379130 Store, Shop1103411029 Store, Shop1103413022 Store, Shop1103774488 Store, Solong Store, Sportworld Store, TinyTooISGo Store, tjTechnology Store, TOP Outdoor Camping Store, Top Sports Tech Store, Top-Choice Dropshipping Store, Unique Outdoor Sporting Store, Yiwu Cuju Trade Co., Ltd., Yiwu Fanhua Culture And Sport Co., Ltd., Yiwu Muen Trading Co., Ltd. and Youngtime Sport Store.

7. As sufficient cause has been shown, service of this Order shall be made on and deemed effective for purposes of this Order as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail

       to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

    b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alipay will be able to download a PDF copy of this Order via electronic mail to US_IPR_TRO_Requests@alipay.com;

    c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba and AliExpress will be able to download a PDF copy of this Order via electronic mail to IPR_USTRO@service.alibaba.com and IPR_USTRO@aliexpress.com;

    d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com;

    e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com; and

    f) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Airwallex will be able to download a PDF copy of this Order via electronic mail to kking@maglaw.com.

8. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order. Any act in violation of this Order by Defendants or any one of them, or by any persons in active concert or participation with Defendants who have actual notice of this Order, may be considered and prosecuted as in contempt of this Court.

9. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

10. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this ___12___ day of _____February_____, 2025, at ___1:02___ p.m.
New York, New York

                                                    HON. DALE E. HO
                                                  UNITED STATES DISTRICT JUDGE